IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONNETTE JONES, <br><br> Plaintiff, <br><br> v. <br><br> CIRCUIT COURT OF COOK COUNTY, OFFICE OF THE CHIEF JUDGE, AVIK DAS, and EILEEN KINTZLER, <br><br> Defendants. | Case No. 18-cv-1319 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Tonnette Jones was formerly employed by the Circuit Court's Juvenile Probation and Court Services Department as a Juvenile Probation Officer. Jones brings this employment discrimination action against the Circuit Court of Cook County Office of the Chief Judge, Avik Das, the Acting Director of the Circuit Court's Juvenile Probation Department, and Eileen Kintzler, the Supervising Probation Officer of the Circuit Court's Juvenile Probation Department. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons given below, the Motion to Dismiss [131] is granted in part and denied in part.

**I. Background**

The following factual allegations are taken from the Third Amended Complaint (Dkt. 128, "TAC") and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

1

Jones, who is African American, worked as a sworn law enforcement officer for the Circuit Court from February 2015 until her termination on March 19, 2018. TAC ¶ 8. Jones alleges that her work environment changed in 2017, when Kintzler became Jones's supervisor, and Kintzler began discriminating against Jones and other African American employees based on their race. *Id.* at ¶ 16. In August 2017, Jones spoke with the Chief Judge of the Circuit Court about her perception that Kintzler and her Juvenile Probation Department supervisors did not treat Jones like her white colleagues in the department. *Id.* at ¶ 17. According to Jones, Das and Kintzler (the "Individual Defendants") decided to retaliate as a result of her complaint by falsely accusing her of misconduct and later relying on those false accusations as reasons to discipline and ultimately fire her. *Id.* at ¶ 18. During her employment, Jones alleges that Das used a slur in referring to African Americans and that Jones was subjected to harsher disciplinary treatment than white officers. *Id.* at ¶¶ 80-86.

On November 21, 2017, Jones filed her first Equal Employment Opportunity Commission (EEOC) charge. *Id.* at ¶ 27. Jones claims that the Individual Defendants retaliated against Jones because of this charge by issuing her a formal Verbal Reprimand based on more false accusations, which defendants eventually relied on to wrongfully suspend and fire her. *Id.* at ¶ 28. On December 14, 2017, Jones went to the Cook County Sheriff's Office to report discrimination and retaliation she experienced from the Individual Defendants, and then went to the Chicago Police Department. *Id.* at ¶¶ 57-58. Four days later, on December 18, Jones received formal notice from Donna Neal, Assistant Section Chief in the Circuit Court's Juvenile

Probation Department, who "spoke with Acting Director Avik Das" and had been advised to suspend Jones indefinitely without pay. *Id.* at ¶ 60. On December 19, 2017, Jones filed her second EEOC charge for discrimination and retaliation. *Id.* at ¶ 72. On March 16, 2018, Das and Kintzler fired Jones based on a number of accusations Jones says were false. *Id.* at ¶ 78.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

### III. Analysis

Jones brings claims for: (I) First Amendment retaliation in violation of 42 U.S.C. § 1983 against the Individual Defendants; (II) conspiracy under § 1983 against the Individual Defendants; (III) violation of the Illinois State Officials and Employee Ethics Act against the Individual Defendants; (IV) violation of the Illinois Whistleblower Act against the Individual Defendants; and (V) race-based hostile work environment in violation of Title VII against the Circuit Court Office of the Chief Judge (OCJ).

### A. Statute of Limitations

Defendants argue that Jones's claims against the Individual Defendants are time-barred because she did not bring these claims until her Second Amended Complaint (SAC), filed November 30, 2020. The TAC, Defendants argue, brings different claims against different defendants. Jones responds that these claims are timely under Federal Rule 15(c) because they relate back to her June 20, 2018 First Amended Complaint (FAC) (Dkt. 32). The parties agree that a two-year statute of limitations

applies to Jones's Section 1983 claims. *See Herrera v. Cleveland*, 8 F.4th 493, 495, n. 2 (7th Cir. 2021).

Jones argues that her TAC relates back to her FAC, but as Defendants point out, Rule 15(c) deals with relation back to the *original pleading*—an "amendment to a pleading relates back to the date of the *original* pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the *original* pleading." Fed.R.Civ.Pro. 15(c)(1)(B) (emphasis added). The original pleading is the February 2018 complaint. (Dkt. 1).[1]

Because the TAC added new defendants, Das and Kintzler, subparts (1)(B) and (1)(C) of Rule 15(c) are both implicated:

> An amendment to a pleading relates back to the date of the original pleading when: the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.Pro. 15(c)(1)(C). As the Seventh Circuit explained recently in *Herrera*, "an amendment to a pleading that 'changes the party or the naming of the party against whom a claim is asserted' relates back to the date of the original pleading so long as: (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint; (2) 'within the period provided by Rule 4(m),' the party added by amendment 'received such notice of the action that

---

[1] Both Dkts. 1 and 13 are Jones's original complaint.

it will not be prejudiced in defending on the merits'; and (3) the added party 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" 8 F.4th at 496.

As to the first requirement, Defendants concede that Jones's original complaint referred to retaliation. (Dkt. 145 at 2; *see* Dkt. 13 at 4, 8, 11, 12, 15). Indeed on the form complaint Jones specifically checked the box to allege retaliation by defendants. The retaliation claims in the original complaint compared to the operative complaint are not identical but arise out of the same conduct, transaction, or occurrence. As to the second and third requirements, however, Jones does not address whether newly-added defendants Das and Kintzler "received such notice of the action that [they] will not be prejudiced in defending on the merits" or "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity."

Jones contends that "not naming a person as a defendant in an earlier timely-filed pleading does not render a later amended claim against that person untimely because 'courts are not bound necessarily by the caption.'" (Dkt. 140 at 10, quoting *Whitley v. U.S. Air Force*, 932 F.2d 971 (7th Cir. 1991)). In *Whitley*, the language in the complaint was "insufficient to identify the United States of America as a defendant in this case" and the Seventh Circuit found the case to be "different from other cases in which the factual allegations in the complaint, together with references in the body of the complaint, *clearly identified* defendants not named in the caption." *Id.* (emphasis added). Jones's original complaint named Timothy Evans, the Juvenile

6

Probation and Court Services Department, and AFSCME Council 31 (Jones's union). Attached to the complaint was 14 pages in which Jones described the discrimination, several of those pages detailing events and procedures before the union. Jones also identified a number of individuals, including Das and Kintzler. However, as in *Whitley*, the allegations did not clearly identify Das and Kintzler as defendants. And Jones has not argued that these individuals received notice such that they will not be prejudiced in defending the merits or knew or should have known that the action would have been brought against them but for a mistake about their identity. Jones has not met her burden to show the requirements of Rule 15(c)(1) are met.

Accordingly, because Jones's claims in Counts I and II do not relate back to the original complaint and are governed by a two-year statute of limitations, they are time-barred and dismissed with prejudice.

Similarly, Count IV, brought under the Illinois Whistleblower Act, is also dismissed as time-barred. "Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ('Tort Immunity Act'), the statute of limitations for state law claims made against units of local government, or their employees, is one year." *Smith v. Vill. of Broadview*, 2020 WL 3050768 (N.D. Ill. June 8, 2020) (citations omitted). Jones argues that the limitations period should be five years. She relies on *Zelman v. Hinsdale Twp. High Sch. Dist.* 86, 2010 WL 4684039 (N.D. Ill. Nov. 12, 2010) but as a court in this district recently explained, "*Zelman* is an 'outlier' that has been rejected by all other district courts to consider the issue. Those courts have all held that the one-year statute of limitations applies." *Carey v. Chicago Transit*

7

*Auth.*, 2021 WL 1853234, at *3 (N.D. Ill. May 10, 2021) (finding Whistleblower Act claim untimely).[2] Thus Count IV, to the extent it seeks damages, is dismissed with prejudice. To the extent it seeks equitable relief (e.g. reinstatement), the claim survives the motion. *See* 745 ILCS 10/2-101.

### B. Illinois State Officials and Employee Ethics Act

Jones alleges that Defendants, in violation of the Illinois Ethics Act (5 ILCS 430/1-1 *et seq*.), "unlawfully retaliated against [her] for disclosing to her supervisors, to a court, and to the EEOC information about Defendants' misconduct that she reasonably believed is a violation of a law, rule, or regulation." TAC ¶ 103. "The Ethics Act seeks to encourage employees…to report wrongdoing without fear of reprisal." *Wynn v. Ill. Dep't of Human Servs.*, 2017 IL App (1st) 160344, ¶ 53, 414 Ill. Dec. 762, 772, 81 N.E.3d 28, 38. Defendants argue that Jones's Ethics Act claim is preempted by the Illinois Human Rights Act ("IHRA"). *See* 775 ILCS 5/1-101 *et seq*.

"[T]he IHRA does not cover retaliation for the reporting of non-civil rights violations." *Harris v. Illinois*, 753 F. Supp. 2d 734, 743 (N.D. Ill. 2010). "A claim is not inextricably linked to a civil rights violation 'where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the [IHRA].'" *Id*. (citation omitted). Jones has alleged enough in her TAC at this pleading stage to give rise to the reasonable inference that she was also reporting non-civil rights violations. For example, Jones alleges that Kintzler gave her an instruction to

---

[2] *Selyutin v. Aon PLC.*, 2020 WL 5253871 (N.D. Ill. Sept. 3, 2020), cited by Jones, involved a private defendant company and did not involve the Tort Immunity Act.

8

falsely inform the court that it had Juvenile C's sex trafficking assessment when it did not, and she reported this to the Cook County Sheriff's Office. TAC ¶¶51, 56, 57.[3]

Defendants attempt to parse her complaint, but the Court views the complaint as a whole (*see Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013)), and in addition, Jones incorporated earlier allegations into her Ethics Act claim. TAC ¶100. To the extent Count III is based on Jones's reports of race discrimination, the IHRA preempts her Ethics Act claim, but she can proceed on the claim to the extent it is based on Jones's reports of non-civil rights violations.

**C. Title VII Claim**

Defendants argue that Jones's hostile work environment claim against OCJ is barred because she failed to present that claim to the EEOC. "A plaintiff generally cannot bring a claim in [a] lawsuit that was not alleged in the EEOC charge." *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008). However a plaintiff "may proceed on a claim not explicitly mentioned in his EEOC charge if the claim is like or reasonably related to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge." *Id*. (cleaned up). "[C]laims are not alike or reasonably related unless there is a factual relationship

---

[3] Most of the cases relied on by Defendants did *not* involve the Illinois Ethics Act. *E.g. Quantock v. Shared Mktg. Servs.*, 312 F.3d 899, 905 (7th Cir. 2002) ("The Illinois Human Rights Act preempts tort claims that are 'inextricably linked' to allegations of sexual harassment and requires that such claims be brought only before the Illinois Human Rights Commission."); *Blount v. Stroud*, 232 Ill. 2d 302, 316, 328 Ill. Dec. 239, 248, 904 N.E.2d 1, 10 (2009) (no preemption where there was an independent basis for retaliatory discharge claim); *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, ¶ 29, 372 Ill. Dec. 667, 677, 992 N.E.2d 509, 519 (IIED claim preempted by the Human Rights Act); *Haywood v. Lucent Techs. Inc.*, 169 F. Supp. 2d 890, 914 (N.D. Ill. 2001) (same).

between them. This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (emphasis in original). "Courts should apply a lenient standard when evaluating whether federal claims were also raised in an EEOC charge." *Fairley v. McDonald's Corp.*, 2021 WL 3054804, at *9 (N.D. Ill. July 20, 2021) (citation omitted); *see also Butler v. Amtrak*, 936 F. Supp. 2d 920, 928 (N.D. Ill. 2013) (plaintiff exhausted his administrative remedies for purposes of Title VII and could maintain a hostile work environment claim); *Brindley v. Target Corp.*, 761 F. Supp. 2d 801, 807 (N.D. Ill. 2011) ("it is noteworthy that there is no separate box on the EEOC form for hostile work environment claims…It would surely be reasonable (and indeed logical) for a lay plaintiff to check the general discrimination box when seeking to advance a hostile work environment claim.").

Here, both of Jones's EEOC charges claimed discrimination based on Jones's race and claimed she was retaliated against. Jones's November 2017 EEOC charge stated that she was "subjected to different terms and conditions of employment, including, but not limited to, extra scrutiny and discipline." (Dkt. 140, Exh. A). Applying the lenient standard, the Court finds that there is a factual relationship between the EEOC charges and Jones's hostile work environment claim, and Jones has exhausted her administrative remedies for the Title VII claim.

### IV. Conclusion

For the stated reasons, Defendants' Motion to Dismiss [131] is granted in part and denied in part. Counts I and II are dismissed with prejudice as time-barred. Count

10

IV remains solely to the extent it seeks equitable relief and is otherwise dismissed. Count III against the Individual Defendants and Count V against OCJ survive.

E N T E R:

Dated: September 29, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge